J-S31028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEL DAVIS | : | |
| | : | |
| Appellant | : | No. 2779 EDA 2017 |

Appeal from the PCRA Order August 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0608741-1998

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                       **FILED JULY 02, 2018**

Jamel Davis appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA").  After our review, we affirm.

Following a bench trial before the Honorable Jane C. Greenspan, the court convicted Davis of first-degree murder and sentenced him to life imprisonment.  On direct appeal, this Court affirmed his judgment of sentence on December 16, 1999.  ***See Commonwealth v. Davis***, 750 A.2d 366 (Pa. Super. 1999) (Table). Davis did not seek allowance of appeal in the Pennsylvania Supreme Court.[1]  He filed his first PCRA petition on November

_____

[1] The thirtieth day, January 15, 2000, fell on a Saturday.  ***See*** 1 Pa.C.S.A. §

8, 2000. The court appointed counsel, who thereafter filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). On August 15, 2001, the PCRA court dismissed his petition as meritless, and this Court affirmed. **Commonwealth v. Davis**, 806 A.2d 458 (Pa. Super. 2002) (Table). Davis did not seek allowance of appeal in the Pennsylvania Supreme Court.

On September 14, 2011, Davis filed a second PCRA petition, which was dismissed as untimely on January 13, 2012. This Court affirmed the PCRA court's order on December 17, 2012. **Commonwealth v. Davis**, 64 A.3d 23 (Pa. Super. 2012) (Table). The Pennsylvania Supreme Court denied allowance of appeal, **Commonwealth v. Davis**, 620 Pa. 695 (Pa. May 13, 2013), and the United States Supreme Court denied certiorari. **Davis v. Pennsylvania**, 571 U.S. 919 (Oct. 07, 2013).

On March 24, 2016, Davis filed the instant PCRA petition, his third. The PCRA court dismissed it as untimely, and Davis filed this appeal. He raises the following issues for our review:

1. Whether the United States Supreme Court case in **Montgomery v. Louisiana**, [136 S. Ct. 718 (2016, as revised (Jan. 27, 2016)] has rendered a new executive decision that applies to all cases of substantive rules of

---

1908. Thus, Davis had until Monday, January 17, 2000, to file a petition for allowance of appeal in the Pennsylvania Supreme Court, and his judgment of sentence became final on that date. 42 Pa.C.S.A. § 9545(b)(3). He therefore had until January 17, 2001, to file any and all petitions under the PCRA. 42 Pa.C.S.A. § 9545(b)(1).

constitutional law. Thereby, making it "constitutional[ly]" permissible, by due process of law, for a defendant to raise said claim where application applies under [the] 5th, 8th and 14th [Amendments].

2. Whether the ruling in **Montgomery** gives retroactive effect to **Alleyne** [**v. United States**, 570 U.S. 99 (2013)], when involving new watershed procedural rules and substantive rules of constitutional which apply to a defendant.

3. Whether according to **Montgomery**, citing **Miller v. Alabama**, [567 U.S. 460 (2012)], the petitioner's sentence is a disproportionate punishment as a mandatory life-without-parole for a youth homicide offender, though not a juvenile, violates the Eighth Amendment's prohibition on "cruel and unusual punishment" for the undisputable reasoning of a youth offender between the ages of 18 to 25 suffers from the same or similar irresponsible characteristics and immature traits as those described in association with juvenile offenders.

4. The scientific research that supported the decision in **Montgomery**, to make **Miller v. Alabama** retroactive definitively concluded that such scientific/medical research substantiating transient immaturity that diminishes culpability extends to the age 25, thereby entitled a defendant who was under the age of 25 when committing homicide of the first or second degree to the equal protection rights governed under [the Fourteenth Amendment] and due process under the [Fifth Amendment] as a defendant in this regard is similarly situated to that of a juvenile concerning immaturity research and should therefore be award the "same" treatment as a juvenile offender.

Appellant's Brief, at 3-4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed

unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Here, Davis' petition is clearly untimely. ***See supra*** n. 1. However,

> [A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).

***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted). Davis claims he is entitled to the timeliness exception found in section 9545(b)(1)(iii), the "newly-recognized constitutional right" exception. This exception applies when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).[2]

---

[2] We note Davis has met the 60-day statutory filing requirements of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(2). ***Montgomery*** was decided on January 25, 2016, and revised on January 27, 2016. Davis filed the instant petition on March 24, 2016, within the 60-day limit.

Here, the PCRA court determined Davis was not entitled to the application of this timeliness exception and, therefore, it had no jurisdiction to address his petition. We agree.

***Miller*** held that a juvenile could not be sentenced to a mandatory term of life imprisonment without the possibility of parole. The United States Supreme Court in ***Montgomery*** ruled that ***Miller*** retroactively applied to cases on state collateral review. Here, Davis was over the age of eighteen[3] at the time of his offense and therefore he is not entitled to relief. ***See Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016) (***Miller*** inapplicable to appellant who was nineteen years old when he committed murder); ***see also Commonwealth v. Cintora***, 69 A.3 759, 764 (Pa. Super. 2013) (***Miller*** does not create retroactive constitutional right for appellant over the age of eighteen at time of crime, despite argument defendant was a "technical juvenile" due to immature brain development).

Further, Davis claims he cannot be sentenced to a "mandatory minimum" sentence of life without parole, asserting that that ***Montgomery*** requires retroactive application of ***Alleyne***. ***Alleyne*** held that "any fact that, by law, increases the penalty is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, 570 U.S. at 103. Thus, he argues, his mandatory life sentence is illegal. We disagree.

---

[3] Davis was born on November 25, 1978, and his offense occurred on August 3, 1997. Thus, he was 19 years old at the time of the murder.

*Montgomery* held the rule announced in *Miller*, not *Alleyne*, applies retroactively on collateral review. Our Supreme Court has held that *Alleyne* "does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (en banc) (*Alleyne* applies only to those criminal cases pending on direct appeal when it was decided). To date, there is no United States Supreme Court decision holding that *Alleyne* applies retroactively to untimely PCRA petitions. Moreover, there was no judicial fact finding involved here. The mandatory life sentence flowed directly from the finding that Davis had committed first-degree murder. Thus, *Alleyne* does not apply to Davis.

Davis' PCRA petition is untimely and he has failed to establish that he is entitled to an exception to the time bar. The PCRA court properly determined it had no jurisdiction to address his claims, and it properly dismissed his petition without a hearing. We find no error. *Phillips*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/18